IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| EDMOND MCCLINTON, | * | |
| ADC #107846 | * | |
|     Petitioner, | * | |
| v. | * | |
| | * | No. 5:15CV00374-JJV |
| WENDY KELLEY, Director, | * | |
| Arkansas Department of Correction | * | |
| | * | |
|     Respondent. | * | |

**MEMORANDUM AND ORDER**

Before the Court is the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed by Edmond McClinton, an inmate in the Cummins Unit of the Arkansas Department of Correction (ADC). (Doc. No. 1.)

**I.     BACKGROUND**

On April 28, 2014, a jury in Jefferson County, Arkansas, convicted Petitioner Edmond McClinton of rape. (Doc. No. 8-2.) Because Mr. McClinton had previously been convicted of two or more violent felonies, he received a mandatory life sentence. Ark. Code Ann. § 5-4-501(d)(1)(A).

The facts of the case are as follows. On December 13, 2011, Mr. McClinton was residing with his girlfriend and her two daughters. The youngest daughter is severely disabled, has cerebral palsy, is nonverbal, and has the use of only one hand. On the night of the rape, the older daughter, Candice Henderson, heard the headboard hitting the wall in her sister's room. Wondering why her sister was still awake at the late hour, Ms. Henderson went in to check on her. She walked in and saw Petitioner naked in bed with her sister with one knee on the bed and one leg on the floor. She also noticed her sister's head had been covered with a shirt. Ms. Henderson called the police who responded to the call and came to the residence. The victim was taken to the hospital that night, and

a nurse, who testified at trial, performed a rape examination. The results of the rape kit showed the victim had seminal fluid in her vaginal vault, which had a 99.99% chance of belonging to Petitioner. (Doc. No. 9.)

Mr. McClinton appealed his conviction to the Arkansas Supreme Court, and the sole basis for appeal was the trial court abused its discretion when it failed to grant a mistrial after a prospective juror stated he had a "preconceived notion of the way [Petitioner] behaved . . ." in sixth grade. *McClinton v. State*, 464 S.W.3d 913 (2015). The Arkansas Supreme Court affirmed. Mr. McClinton filed a Petition for Writ of Certiorari to the United States Supreme Court which was denied on October 19, 2015. *McClinton v. Arkansas*, 136 S. Ct. 367 (2015).

Mr. McClinton also filed a petition for writ of error coram nobis, a state habeas corpus, and a writ of mandamus. (Doc. No. 8.) The petitions were all dismissed procedurally. (*Id.*)

He filed the current Petition (Doc. No. 1) on November 27, 2015, alleging (1) his constitutional rights were violated when he did not receive a first appearance, a preliminary hearing to bind him over for trial, and his case did not go before a grand jury; (2) he did not receive an arraignment; and (3) his counsel was ineffective for not objecting to lack of these hearings. (Doc. No. 1.) After the Response was filed, (Doc. No. 8), and Mr. McClinton filed a Traverse (Doc. No. 10) and a Notice (Doc. No. 11), I ordered Respondent to file evidence of Mr. McClinton's first appearance (Doc. No. 12). Respondent filed the order of probable cause and transcript of record of arraignment. (Doc. No. 15.) Mr. McClinton filed a Traverse (Doc. No. 17), and this case is now ripe for decision.

## II.  ANALYSIS

The Respondent argues that all Mr. McClinton's claims are procedurally defaulted. Mr. McClinton contends his claims are not procedurally defaulted because he filed all the necessary state

requirements and exhausted his state claims. However, the State of Arkansas did not have the opportunity to adjudicate Mr. McClinton's claims on the merits, so I find his Petition for Writ of Habeas Corpus is procedurally defaulted for the following reasons.

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *See* 28 U.S.C. § 2254(b) (stating a state prisoner must exhaust available state court remedies before raising a claim in a federal habeas corpus proceeding). As a matter of comity and federalism, the state courts should have a proper opportunity to address a petitioner's claims of constitutional error before those claims are presented to the federal court. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). This requirement is in place to afford the state the opportunity to correct any constitutional errors before the federal courts intervene. *Lenza v. Wyrick*, 665 F.2d 804, 807-8 (8th Cir. 1981); *Picard v. Connor*, 404 U.S. 270, 275 (1971) ("We have consistently adhered to this federal policy for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.") (citations omitted). Failure to present federal claims to state courts in a timely and procedurally correct manner will result in a procedural default. *Kennedy v. Delo,* 959 F.2d 112, 115 (8th Cir. 1992) (citing *Coleman,* 501 U.S. 722 at 749-50).

A federal district court may only review procedurally defaulted petitions if the petitioner can demonstrate (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Few petitioners are "within the narrow class of cases . . . implicating a fundamental

3

miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 315 (1995). "[T]he miscarriage of justice exception requires prisoners to present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error.'" *Turnage v. Fabian*, 606 F.3d 933, 941 (8th Cir. 2010) (quoting *Schulp v. Delo*, 513 U.S. at 316 (1995)). Mr. McClinton provides no cause for his default and his claims do not rise to the miscarriage of justice exception.

A.  **Grounds One and Two: No Prompt First Appearance, No Preliminary Hearing, No Grand Jury, No Arraignment**

Mr. McClinton argues that his claims are not defaulted because he raised each of these issues in his state habeas petition. (Doc. No. 10.) However, the Lincoln County Circuit Court did not address the merits of his claim and found that he offered no evidence that the trial court lacked jurisdiction or that his commitment was invalid on its face.[1] The state petition was dismissed procedurally because it "fail[ed] to state a claim upon which relief may be granted." (Doc. No. 1 at 22.) Mr. McClinton attempted to appeal the denial of his state habeas petition, but the Arkansas Supreme Court denied his motion for belated appeal. (Doc. No. 11 at 4.) Therefore, because the State of Arkansas was not given the opportunity to correct any constitutional errors, these claims are procedurally defaulted.

Regardless, the Respondent filed evidence of Mr. McClinton's appearance in Jefferson County District Court on December 14, 2011, (Doc. No. 15-4) and a transcript of Mr. McClinton's record of arraignment. (Doc. No. 15-5.) The rape occurred on December 13, 2011, and Mr. McClinton saw a district court judge on December 14, 2011. Given the documents provided, I find

---

[1] In a State of Arkansas writ for habeas corpus, if the petitioner is not claiming actual innocence, he has the burden of showing the trial court lacked jurisdiction or the commitment order was invalid on its face. If the burden is not met, no writ will be issued. *Young v. Norris*, 226 S.W. 3d 797, 798 (2006).

Mr. McClinton was given a first appearance and arraignment.

### B.     Ground Three: Ineffective Assistance of Counsel

Mr. McClinton also argues his counsel was ineffective because his attorneys failed object to the lack of arrest warrant, prompt first appearance, bind over/preliminary hearing, grand jury, and arraignment. (Doc. No. 1.) Respondent argues because Mr. McClinton never filed a Rule 37 petition, his ineffective assistance of counsel claims should be dismissed as procedurally defaulted. I agree.

As discussed *supra*, a federal court ordinarily cannot review the merits of a claim which a petitioner has never presented to any state court. *Williams v. Arkansas,* 941 F.2d 672, 673 (8th Cir. 1991). Mr. McClinton was required to first present his ineffective assistance of counsel claims to the Arkansas courts "as required by state procedure," in a petition for post-conviction relief under Rule 37. *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *see also*, e.g., *Carrier v. State*, 647 S.W.2d 449 (1983) ("The proper remedy to challenge the adequacy of an attorney's representation is a petition for post-conviction relief under [Arkansas Rules of Criminal Procedure, Rule 37].")

Mr. McClinton makes no excuse for his procedural default, stating only that he exhausted his state remedies. Without cause for default, the exception created by *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), and its progeny do not apply in this case. However, if I assumed *Martinez* applied, I would perform a merits review of the defaulted claims, if (1) the claim of ineffective assistance was substantial, (2) the "cause" was that Mr. McClinton had no counsel in the postconviction proceeding, (3) the Rule 37 proceeding was the initial review proceeding with respect to the ineffective assistance of counsel claim, and (4) it was highly unlikely that Mr. McClinton had a "meaningful opportunity" to raise his ineffective assistance claims on direct appeal. *Trevino v. Thaler*, 133 S.Ct. 1911 (2013). Here, Mr. McClinton's claim fails on the first prong of the analysis. As stated above,

the evidence shows that Mr. McClinton was afforded a first appearance and arraignment so his counsel could not be ineffective for not objecting to the lack thereof. I find Mr. McClinton's claims of ineffective assistance of counsel are meritless and far from reaching the level of "substantial." Therefore, Mr. McClinton's Petition is procedurally defaulted and must be dismissed.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). Mr. McClinton's claims are clearly procedurally defaulted. Therefore, no certificate of appealability should be issued.

### IV.   CONCLUSION

After careful review, I conclude Mr. McClinton's Petition for Writ of Habeas Corpus is procedurally defaulted and should be DISMISSED, and the requested relief be DENIED.

IT IS, THEREFORE, ORDERED that Mr. McClinton's cause of action is DISMISSED with prejudice. A certificate of appealability is DENIED.

SO ORDERED this 11th day of April 2016.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE